IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VANESSA LANDGRAVE, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CASE NO. 1:20-CV-00968 | |
| § | | |
| § | | |
| FORTEC MEDICAL, INC., § | | |
| § | | |
| *Defendant.* § | JURY TRIAL REQUESTED | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Vanessa Landgrave, complaining of Defendant, ForTec Medical, Inc., and files this Plaintiff's Original Complaint alleging the following:

## I. Nature of the Case

1. Plaintiff, Vanessa Landgrave, brings this action under the Family & Medical Leave Act (FMLA), 29 U.S.C. 2601, *et. seq.*, for the unlawful employment practices committed by Defendant, ForTec Medical, Inc., against Plaintiff by interfering with Plaintiff's leave and by terminating Plaintiff's employment.

## II. Parties and Service of Process

2. Plaintiff is an individual who resides in the Western District of Texas.

3.       Defendant, ForTec Medical, Inc., does business in the Western District of Texas and may be served with process by serving its registered agent, Drew C. Forhan, 6245 Hudson Crossing Parkway, Hudson, Ohio 44230.

### III.  Jurisdiction & Venue

4.       This Court has jurisdiction over this suit because Landgrave's causes of action arise under federal law, *i.e.*, the FMLA. Venue is proper in the Western District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Texas.

### IV.  Factual Background

5.       In 2015, On Call Surgical, the predecessor company to ForTec Medical, Inc. ("ForTec"), hired Landgrave. In 2018, Landgrave received a promotion to a management position and moved from Oklahoma to Texas. In November 2018, On Call Surgical merged with ForTec, and ForTec assigned Landgrave to the position of Surgical Laser Technician and required that she sign a non-competition agreement. The agreement was deemed made and entered into in Ohio, the corporate headquarters of ForTec.

6.       Landgrave resided in Hewitt, Texas, but did not have a fixed worksite. ForTec issued Landgrave a laptop to assign her work and receive her reports. When a local medical provider had a need for mobilized surgical technologies, the provider would contact ForTec's corporate office in Hudson, Ohio, through an 800 number, and then the corporate office would transmit the assignment to Landgrave. Once Landgrave received the assignment by e-mail from Ohio and logged into the corporate portal, she would retrieve the proper surgical device from one of ForTec's various

storage unit locations. Landgrave would then attend the surgery at the medical provider's location and support the physician with the surgery. When the surgery was complete, Landgrave prepared and sent two reports—an operative report detailing the surgical procedure and a billing report setting forth the costs of the procedure—directly to the corporate office in Hudson, Ohio through the web portal.

7. In April 2019, Landgrave learned that her mother would be undergoing cervical spine surgery. Landgrave informed Alvin Cooper, Regional Logistics Manager, of her need to go to Mexico to take care of her mother at the time of the surgery. She also relayed that a surgery date would be determined once Landgrave's mother received clearance from her cardiologist, pulmonologist, and other specialists.

8. In or around late June or early July, Landgrave informed Cooper and Nancy Pearson, Human Resources (HR), that her mother's surgery was imminent, and she would be traveling to Mexico later in July to care for her mother. Weeks passed and no FMLA forms were transmitted by HR to Landgrave about her request for leave. Landgrave secured airplane tickets for her family and proceeded to secure passports for her children for travel to Mexico. Near the time of her flight to Mexico to care for her mother due to her mother's upcoming spinal surgery, Cooper texted Landgrave and, for the first time, stated that Landgrave did not qualify for FMLA leave.

9. With the impending surgery already scheduled, Landgrave flew to Mexico to take care of her mother. Because of her mother's serious health condition, her mother was unable to care for her own basic medical, hygienic, and nutritional needs following surgery. Landgrave provided such care. When Landgrave reached out

to ForTec on July 30 to provide ForTec an update on her status, ForTec terminated her employment.

## V. Causes of Action

*Violations of the Family & Medical Leave Act (Interference & Retaliation)*

10. The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right under the FMLA, or discharge or otherwise discriminate against an individual for opposing any practice made unlawful by the FMLA.

11. Defendant is an "employer" as that term is defined under the FMLA.

12. Landgrave is an "eligible employee" within the meaning of the FMLA in that she was employed by Defendant (including its predecessor company, On Call Surgical) for at least 12 months and for at least 1,250 hours of service during the previous 12-month period. Landgrave was entitled to 12 work weeks of leave to care for a family member who was unable to care for her own basic medical, hygiene, or nutritional needs or safety, or who was unable to transport herself to the doctor. Landgrave was also entitled to be reinstated to her position following her leave.

13. Landgrave did not have a fixed worksite. Her field supervisor, Alvin Cooper, did not have a fixed worksite or office either. Both worked remotely out of their personal residences. Landgrave submitted her operative and billing reports to the corporate headquarters in Hudson, Ohio. The corporate office has more than 50 employees. Landgrave also received assignments directly by e-mail from the corporate office through the web portal. The web portal is maintained in Hudson, Ohio.

14. Defendant intentionally interfered with and/or denied the exercise of rights provided under the FMLA by failing to provide proper notices to Plaintiff; and by discharging Landgrave during her FMLA leave.

15. Defendant violated both Landgrave's prescriptive and proscriptive rights under the FMLA by the actions described above and by retaliating against her for exercising his rights under the FMLA.

16. Defendant acted willfully in violating Plaintiff's rights under the FMLA.

## VI. Damages

17. As a result of the above, Landgrave has lost past and future wages and benefits of employment. Landgrave has also suffered compensatory damages in the past and will likely suffer compensatory damages in the future because of ForTec's conduct.

18. Plaintiff seeks the recovery of liquidated damages under the FMLA.

## VII. Attorneys' Fees

19. Landgrave has also had to employ attorneys to vindicate her rights under the law, and therefore, she seeks reasonable and necessary attorneys' fees and costs under the FMLA.

## VIII. Demand for Jury Trial

20. Landgrave hereby respectfully demands a trial by jury of all claims and issues in this cause.

WHEREFORE, Plaintiff, Vanessa Landgrave, respectfully requests that the Court issue citation for Defendant, ForTec Medical, Inc., to appear and answer, and that upon final trial, Plaintiff have and recover a judgment against Defendant for all

actual damages suffered and/or incurred by Plaintiff, for pre-judgment and post-judgment interest at the highest rates allowed by law, for court costs, attorneys' fees, liquidated damages, and for all other relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        SCANES & ROUTH, LLP
        7901 Fish Pond Road, Suite 200
        P. O. Box 20965
        Waco, Texas 76702-0965
        (254) 399-8788
        (254) 399-8780 (FAX)

        BY:  /s/ Joel S. Shields
            Benjamin C. Yelverton
            State Bar No. 24084132
            Email: yelverton@scanesrouth.com
            Joel S. Shields
            State Bar No. 24041907
            E-mail: shields@scanesrouth.com

        ATTORNEYS FOR PLAINTIFF